IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES T. LANDREVILLE and )
KARENA LANDREVILLE, )
                                      )
          Plaintiffs, )
                                      )
v. ) Case No. CIV-08-171-KEW
                                      )
JOE BROWN COMPANY, INC., )
                                      )
          Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment filed January 7, 2009 (Docket Entry #57) and Motion to Certify Questions of Law to the Oklahoma Supreme Court filed January 26, 2009 (Docket Entry #61). Upon review and consideration of the briefs filed by the parties, this Court renders this ruling.

On October 18, 2005, Plaintiff James Landreville was operating a pickup truck on Interstate 40 near Webbers Falls, Oklahoma, when it was struck by a tractor trailer owned by Defendant Joe Brown Company ("JBC") and driven by its employee, Monte Pigg. Plaintiffs filed this action on December 21, 2006 in the United States District Court for the Eastern District of Pennsylvania, alleging (1) Mr. Pigg was negligent in the operation of the tractor trailer he was driving and his negligence caused the accident; (2) Mr. Pigg and JBC were negligent *per se* by violating certain ordinances and statutes which allegedly caused Plaintiffs' injuries; and (3) JBC was negligent in its hiring, retention, training and supervision of

its driver in the safe operation of a vehicle and in entrusting its vehicle in its driver's use, given his background and previous driving transgressions. Plaintiff Karena Landreville also brought a loss of consortium claim. On April 2, 2008, this case was transferred to this District.

JBC has admitted that Mr. Pigg was its employee at the time of the accident. JBC has also admitted that Mr. Pigg was driving a tractor trailer owned by it at the time of the collision as a part of his employment with JBC.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material

fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Applied Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the material facts set forth above, this Court finds no significant dispute. In their response to the summary judgment request, Plaintiffs allege certain material facts recited in the brief preclude summary judgment. Interestingly enough, Plaintiffs do not contend that any **disputed** material facts rules out the entry of summary judgment but rather only that the additional facts they set out do so. Plaintiffs set forth the facts surrounding the accident and devote the vast majority of their briefing to a lengthy recitation of Mr. Piggs' abysmal driving record as well as numerous violations and criminal charges that have very little to do with the actual operation of a motor vehicle. This latter category of completely irrelevant or, at best, minimally relevant transgressions includes unlawful possession of meth with intent to distribute, transporting a loaded firearm, and failure to pay taxes due the State, to name a

representative few. This lengthy list, though damning on the issue of Mr. Pigg's character and judgment, misses the purely legal issue presented by JBC's Motion - whether a plaintiff may maintain a cause of action for negligence against an employer based upon *respondeat superior* when vicarious liability has been admitted. This Court, therefore, finds the facts material to a resolution of this legal issue to be undisputed and the facts recited by Plaintiffs which ostensibly preclude summary judgment to be immaterial to this legal determination.

By virtue of the pending Motion, Defendant contends the Oklahoma Supreme Court has not permitted claims for negligent hiring, supervision, and retention to proceed to trial in the circumstance where an employer has admitted vicarious liability. In support of this proposition, Defendant cites to the seminal case of Jordan v. Cates, 935 P.2d 289 (Okla. 1997). In Jordan, an individual who went to a convenience store to pay off a returned check. Id. at 291. During the course of an alleged altercation with an employee of the store, the individual contended the employee assaulted and battered him. Id. He brought suit against the convenience store, as the employer of the offending employee, under the theory of *respondeat superior* liability for the negligent hiring and retention of the employee. Id.

Recognizing the required elements to confer *respondeat superior* liability, the employer stipulated that the altercation

occurred while its employee was acting within the course and scope of his employment and that it would be liable for any damages awarded by a jury. Id. at 292. As a result, the trial court granted the employer summary judgment, dismissing the claims of negligent hiring and retention, in light of the employer's admission that it's employee was acting within the scope of his employment during the altercation. Id.

The Oklahoma Supreme Court reviewed the controlling prior case authority and concluded

> that the theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. *In the case at bar, vicarious liability has been established through stipulation.*
> \* \* \*
> Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

Id. at 293 (emphasis in original).

The same court recognized this legal limitation in the later case of N.H., a minor v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999)("In Oklahoma, the theory of recovery [employer negligence] is available if vicarious liability is not established.") The defendant church did not admit vicarious liability in that case, however, causing the court to also consider

5

whether the defendant church was put on sufficient notice of the propensity for its employee to molest so as to confer liability upon the church. The law appears clearly established in Oklahoma that once an employer, such as JBC in this case, has admitted vicarious liability for its employee's actions, no further theory of negligence associated with the particular incident may be maintained against the employer.

Plaintiffs counter this proposition with their basis and justification for each affected cause of action. With regard to Plaintiffs' claim for negligent entrustment, they cite to the case of <u>Ingram v. State</u>, 786 P.2d 77 (Okla. 1990) for the proposition that an action can be maintained against an employer for negligent entrustment to an employee. In <u>Ingram</u>, a federal employee brought suit against the State of Oklahoma as the employer of an individual who shot the plaintiff for negligent entrustment of a firearm by the Oklahoma National Guard. <u>Id</u>. at 80-81. The State claimed the individual was not its employee and that the scheme under the federal worker's compensation law which covered the plaintiff prevented the action. <u>Id</u>. The Oklahoma Supreme Court did not reach the issue as to whether the individual was, in fact, an employee of the State and permitted the action to proceed. <u>Id</u>. at 81. This case is readily distinguishable since the alleged employer did not admit vicarious liability of its alleged employee

6

- an essential component of JBC's legal theory. The language of Jordan is unequivocal and not limited in its scope of negligence theory. The Oklahoma Supreme Court expressly stated that when an employer admits liability for its employee, the act of admission makes "any other theory for imposition liability on the employer unnecessary and superfluous." Jordan, *supra* at 293.

In support of their claim for negligent training and hiring, Plaintiffs cite to certain regulations of common carriers - none of which provide for a private right of action. Moreover, the limitation on actions imposed by Jordan remains as the controlling authority on this claim.

Plaintiffs also seek to draw a distinction between the facts of this case and the facts of Jordan wherein an intentional tort by the employee was alleged. No such distinction or requirement is found in Jordan which controls the application of its legal principles.

As a final argument, Plaintiffs contend its claim for punitive damages based upon JBC's conduct in its negligent hiring, training and entrustment would not be presented to the jury. Only the conduct of Mr. Pigg would be available to the jury for evaluation on Plaintiff's claim for punitive damages. Again, the Oklahoma Supreme Court considered the imposition of punitive damages in its discussion and reached the conclusion that additional claims of

negligence "imposes no further liability." Jordan, *supra* at 292-293. Absent a clear deviation from this established legal position by the highest court in Oklahoma, Plaintiffs' negligence claims asserted directly against JBC associated with its employee will not be permitted.

Because the Oklahoma Supreme Court's position on this issue is clear and unequivocal in a prior published decision, this Court finds no basis to certify the question to that authority for review.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Certify Questions of Law to the Oklahoma Supreme Court filed January 26, 2009 (Docket Entry #61) is hereby **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment filed January 7, 2009 (Docket Entry #57) is hereby **GRANTED**. As a result, Plaintiffs' claims for negligent hiring, retention, training, supervision, and entrustment are hereby **DISMISSED**.

IT IS SO ORDERED this 21st day of May, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE